
No. 23.—Joseph Wilson, plaintiff in error, *vs.* Brandon & Shanhon, defendants.

[1.] Where, on the trial of a cause, a witness, from *mistake*, failed to prove a necessary fact to make out the defendant's defence to an action against him—the witness having previously assured the defendant he could and would do so—whereby the defendant was prevented from procuring other testimony to prove the same fact, which it would have been in his power to have done, and a recovery was had in consequence of such mistake, both on the part of the witness and the defendant: *Held*, that such mistake operated as a surprise on the defendant, and that a new trial should be granted, the defendant having shown, upon the record, a good and legal ground of defence to the action.

Motion for new trial, in Talbot Superior Court. Decided by Judge Alexander, July, 1849.

Brandon & Shanhon brought suit against Joseph Buchanan and Joseph Wilson, on a promissory note, to which Wilson pleaded that he was only surety, and was discharged by indulgence granted by plaintiffs to Buchanan, by contract, for a valuable consideration, paid to the plaintiffs. There was a verdict for plaintiffs below. Wilson moved for a new trial, on the ground that he was surprised on the trial, by the evidence of one Helms, his own witness, who failed to prove that Wilson was surety, after having assured him (Wilson) that he would prove that fact; and that from this assurance of Helms, he had failed to summon two other witnesses, who would prove that fact.

This motion was accompanied by the affidavit of Wilson, that the facts stated in the rule were true; and also the affidavit of one Robinson, that he would have proved that Wilson was surety, if he had been subpœnaed as a witness.

The Court refused to grant a new trial, and this decision is assigned for error.

L. B. Smith, for plaintiff in error, cited—

*Graham on New Trials*, 209, 214, 216, 217, 218, 225. *D'Aguilas vs. Tobin*, 4 *Eng. Com. Law Rep.* 363. 17 *Ib.* 249.

B. HILL, for defendant, cited—

*Graham*, 187, 220.   2 *Taunt.* 277.   2 *Caines*, 37, 132.   1 *Term R.* 60.   2 *Johns. R.* 425.   Bank ` St. Marys vs. Mumford & Tyson*, 6 *Ga. Rep.* 45.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The defendant in the Court below, made a motion for a new trial in the cause, on the ground of mistake and surprise. To the action of the plaintiffs, the defendant pleaded that he was only security for Buchanan, and that after the note became due, the plaintiffs agreed with Buchanan, the principal debtor, to give him further time for the payment of the note, for a valuable consideration.

On the trial, the defendant proved the truth of his plea, so far as the contract of indulgence was concerned, by Ivey, a witness sworn in his behalf. The defendant then offered Archibald Helms as a witness, to prove that he was only security to the note, but the witness failed to prove that fact, and a verdict was found for the plaintiffs, against the defendant. On the application for new trial, the defendant, Wilson, filed his affidavit, in which he states, that previous to the term of the Court at which the cause was tried, Helms, the witness, assured him that he would recognize the note sued on, and prove that defendant was security to the note ; and relying on the promise and assurances of said witness, he failed to procure further evidence of that fact, which he could have done, and that he will be able to do so by other witnesses, if allowed a new trial; that on the trial, Helms failed to identify the note, and failed to prove that defendant was security. The affidavit of Wm. F. Robinson, also, was filed in support of the motion for new trial, in which he states, that he heard one of the plaintiffs say that Wilson, the defendant, signed said note as security for Buchanan. The bill of exceptions shews, that the defendant pleaded a good and legal defence to the action on the note, and sustained it by proof, except as to the fact that he was *security* to the note, which fact he did not prove, in consequence of being misled by the witness, and that he was taken by surprise on the trial, in consequence of the witness failing to prove what

VOL. VIII. 18

he had assured him he would prove, and that he was prevented, by the assurance of the witness, from procuring the testimony of other witnesses, to prove that he was security, which the record shews he could have done.   Applications of this sort for new trials, ought to be closely scrutinized, so as to guard against the abuse of a rule, intended for the advancement of justice ; but where there has been, as in this case, a *blameless mistake,* and an *injury* to the party, resulting from such mistake, a new trial, in our judgment, ought to be granted.   The defendant here exercised ordinary care and diligence to procure the testimony necessary to make out his defence.   He proved by Ivey the contract for indulgence of the principal in the note, for a valuable consideration, and had a right to suppose that he could prove the fact of his being security to the note, by Helms, when he assured him he could and would prove that ·fact; but the result shewed he was *mistaken,* and that mistake was occasioned by the conduct of the witness : by his promise and assurance, the defendant was prevented from procuring the testimony of other witnesses, to prove the fact the witness assured him he would prove, whereby the defendant has been injured the amount of the recovery against him.   In *D'Aguilar vs. Tobin,* (4 *English Com. Law Rep.* 363,) it was held, in an action on a policy, that where the defendant, by the mistake of his witness, failed in producing the necessary document from the Admiralty, for proving a breach of the Convoy Act, the Court granted a new trial, in order to let him into his defence, after verdict found for the plaintiff on the merits.   Now, it may be said that the witness, Helms, was mistaken as to what he could prove, with regard to the defendant being security to the note.   Concede this to be so, and yet, after his assurance to the defendant, that he would prove that fact, before the trial, and his failure to do so at the trial, did not operate any the less as a *surprise* to the defendant, who had relied on his testimony to make out his defence.   The merits of this application, as well as the justice of the cause, require that a new trial should be granted, and for that purpose, we reverse the judgment of the Court below.