# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1860.

---

### T. E. Delmas and another v. R. Margo.

Where the attorney has used due caution to learn what he will establish on the trial by a witness, and is misled and surprised at the trial by his testimony on a material and important fact, whereby an injury will result which may be remedied by another trial, a new trial will be granted.

In all cases of this kind, it must, of course, rest within the discretion of the court to grant the new trial or not. But where a party shows reasonable care and diligence to provide himself with testimony to make out his case, and uses the ordinary caution of a prudent attorney in informing himself of the facts to which the witnesses will depose, and is then disappointed by the testimony of his witnesses, so that an injury will result, which may be remedied by another trial, the new trial will be granted.

Appeal from Starr. Tried below before the Hon. Edmund J. Davis.

Suit by T. E. Delmas and brother against Robert Margo, for $443 32, on an account for goods, wares and merchandize. Defendant answered by a general denial. On the trial the plaintiffs introduced as a witness Samuel J. Stewart, the sheriff of the county, who testified that when he served the process on the defendant, and executed the writ of attachment, the defendant said, "take what there is in my store; it is all I intend to pay Delmas." That defendant then paid to one L. Pee $10, for which he brought to witness a receipt. Defendant said further, "that

1Y

he owed Delmas; that he turned out the articles seized under the attachment voluntarily; that they and the $10 was all he intended to pay." Witness told defendant "that the $10 did not cover the claim of the plaintiffs." The defendant remarked, that " he knew it, but would not pay any more, and he had nothing more to pay with."

The goods attached were appraised at $152 23. The plaintiffs offered no other testimony to prove the indebtedness. The account sued on consisted of numerous items, a bill of particulars of which was attached to the petition.

Verdict and judgment for the defendant.

The plaintiff filed a motion for a new trial, supported by the affidavit of his attorney, on the ground that the affiant was surprised by the testimony aforesaid. The affidavit stated that the affiant, on the morning of the trial, had a conversation with the witness as to the testimony he would give, and he clearly understood from him, that when service of process was made upon the defendant, he confessed to the witness the justness of plaintiffs' claim set forth in the petition; and that he voluntarily turned out the goods which were seized under the attachment, as part satisfaction of the debt. That the witness declined to testify to said facts on the trial. That relying on the sufficiency of the testimony he had been led to suppose the witness would give, affiant did not procure the attendance of one Laurenz Pee as a witness, by whom the plaintiffs' claim can be completely established; and that he does not produce the affidavit of that witness (who resides in the county) because of the want of time or means to procure his attendance to make it. The justness of the claim of the plaintiffs was sworn to, and affiant stated that on another trial the plaintiffs will be able to establish the same.

The affidavit of Israel B. Bigelow stated that after the trial, he heard witness, Stewart, say that the defendant confessed to him at the time of serving the process, that he owed the plaintiffs four hundred and forty odd dollars. That there were some three dollars for sardines charged, which he would not pay for, because the boxes were broken open.

Motion for a new trial overruled.

### Delmas v. Margo.

*D. D. Atchison*, for the appellants.

BELL, J.—We are of the opinion that the court erred in over-ruling the motion of the plaintiffs for a new trial. We think that the affidavit of the attorney of the plaintiffs in support of the motion, showed sufficiently that the attorney, without any lack of caution on his part, was misled by the witness Stewart. It is true that the affidavit does not state quite as distinctly as could be desired, that the attorney of the plaintiffs had interrogated the witness previous to his examination in court, as to the precise extent of the acknowledgment of indebtedness made by the defendant at the time of the service of the attachment. But it is sufficiently shown we think, that the attorney was led to believe from his previous conversation with the witness, that the witness would testify that the defendant acknowledged himself indebted to the plaintiffs to the extent of their demand, as set forth in their petition and affidavit.

It is well settled that when a party's own witness testified in such manner as to surprise the party who calls him, after due caution has been used by the party who calls the witness, a new trial will be granted. If, for example, a witness assures a party that he will testify to an important fact in the case, and fails upon examination in court, to do so; or when a witness has sworn to an important fact on a former trial, and upon a new trial being granted, swears differently, in these cases a new trial will be granted. For it is said that "witnesses sometimes when interrogated in private, wholly mistake, and at other times greatly exaggerate their knowledge of the facts in dispute, so that confidence is placed in them only to be betrayed when they come to testify under oath in court." (Graham & Waterman, on New Trials, vol. 3, p. 953.) In the case of Wilson v. Brandon, 8 Ga. Rep., 138, the judge who delivered the opinion of the court said, "Applications of this sort, for new trials, ought to be closely scrutinized so as to guard against the abuse of a rule intended for the advancement of justice; but where there has been, as in this case, a blameless mistake and an injury to the party resulting from such mistake, a new trial, in our opinion, ought to be granted."

In all cases of this kind it must, of course, rest within the discretion of the court to grant the new trial or not. But where a party shows reasonable care and diligence to provide himself with testimony to make out his case, and uses the ordinary caution of a prudent attorney in informing himself of the facts to which the witnesses will depose, and is then disappointed by the testimony of his witnesses, so that an injury will result, which may be remedied by another trial, the new trial will be granted.

For error in refusing to grant the new trial asked for by the plaintiffs, the judgment of the court below in this cause is reversed, and the cause remanded that a new trial may be had.

Reversed and remanded.