HENRY DOTSON v. S. R. MOSS.

(Case No. 1210.)

1. EVIDENCE — OUTSTANDING TITLE.— A defendant in trespass to try title may properly ask the plaintiff, when examined as a witness on the stand, if he knew of a deed from the original grantee to a third person, when the object is to establish the former existence of a lost deed in order to lay the basis for the introduction of evidence of its contents. But when the evidence was objected to as being intended to prove plaintiff's knowledge of such a deed conveying valid title, and the defendant did not disclaim such intention, the objection was properly sustained.

2. COPIES.— A certified copy of a grant from the general land office, dated in 1867, in which was incorporated what purported to be a copy of a deed and power of attorney, dated in 1830, and which was offered as a certified copy of an ancient instrument, held,

(1) The existence of the original deed in the land office, and its antiquity, were facts virtually assumed in the proposition to introduce the copy, and the copy was correctly excluded.

(2) The original deed should have been produced or accounted for.

(3) The certificate of the commissioner of the land office, authenticating the instrument offered as a copy of "an ancient instrument" in his department, would not tend to establish its genuineness or to prove its contents.

3. PRACTICE.— Refusal to give a charge, though abstractly correct, constitutes no ground for reversal, when, under the facts, a verdict based on it could not be sustained.

4. LIMITATION.— The plea of limitation of ten years is not sustained, when the adverse occupancy of different persons is relied on, unless the defendant can show privity between himself and others on whose possession he relies.

5. SURPRISE.—The supreme court will not reverse the judgment of the district court, refusing a new trial on the ground of surprise, on account of the testimony of a witness, when there has been no prudence exercised in ascertaining what he would swear before the trial, no effort to withdraw the announcement of ready for trial on account of the surprise, or nonsuit taken, and when there has been no apparent abuse of judicial discretion.

Appeal from Robertson. Tried below before the Hon. Spencer Ford.

Suit in trespass to try title, brought by S. R. Moss against Henry Dotson, on the 13th of October, 1876, claiming one hundred and seventy acres of the Antonio Manchaca six-league grant. Defendant Dotson filed general denial, and afterwards, June 10, 1879, Henderson Pede was admitted to defend as landlord, who filed general denial and plea of ten years' limitation. On the trial, defendants relied on limitation of ten years and outstanding title in the heirs of Allen Reynolds. Plaintiff claimed through a deed made by Manchaca to H. J. Jones in March, 1855. There was verdict and judgment for plaintiffs; motion for new trial overruled, and defendant appealed. The grounds of error relied on in the brief of appellants' counsel appear sufficiently in the opinion. The bills of exception are contained in the statement of facts; the evidence is brief, and a statement of it is not deemed necessary to a proper understanding of the opinion.

*H. D. & F. H. Prendergast,* for appellants.

*William H. Hamman,* for appellee.

Walker, P. J. Com. App.— The questions presented under the assignment of errors mainly relate to the exclusion of evidence offered by the defendant for the purpose of proving a superior outstanding title in the heirs of Allen Reynolds. The defendants endeavored to establish the fact that Manchaca, the original grantee, had conveyed the land in the year 1830 to said Reynolds by deed, and to show that the title thus conveyed is the older and better title, and is still outstanding. The initial point, therefore, was to prove the existence at some former date of such deed, and the bill of exceptions discloses the following proceedings in the examination of the plaintiff as a witness offered by the defendants, as follows: "Defendants introduced plaintiff, S. R. Moss, as a witness, and asked him if he knew of a deed from Manchaca to Allen Reynolds, dated in 1830? Which question was objected to by plaintiffs, because title would not be proved in this manner, and objection sustained." Exceptions taken by the defendants.

It is apparent that the question was a proper one for one purpose, viz., as a preliminary one, if intended to establish the former existence of such a paper, which may have been since lost or destroyed, in order to lay the basis for the introduction of testimony to prove

its contents.  The objection which was made treated the question as being intended to prove the fact that the plaintiff had knowledge of the existence of such deed as a valid subsisting title; a muniment of title recognized as valid and subsisting.  The court was therefore called upon to decide with reference to the admissibility of such evidence as that would be whereby to affect a question of title between the parties.

It does not appear that the defendants offered to explain the purpose for which they offered the evidence, and made no disclaimer of the construction which plaintiff imputed to the object of the evidence, nor did they propose to treat the question as a preliminary examination, leading the mind of the witness to the subject·of the deed, with the view of establishing the loss or destruction of it, and to prove its contents by secondary evidence.  The court did not err in sustaining the objection.  Parol testimony is not admissible to prove an outstanding title.  Darst *v.* Trammell, 27 Tex., 129.

The court did not err in excluding as evidence the copy of the deed from Manchaca to Reynolds, dated September 2, 1830.  The bill of exceptions recites as follows: "Defendants offered in evidence the original grant, or certified copy of same, from land office, dated in 1867, from the government to Manchaca, in which is incorporated the copy of deed and power of attorney from Manchaca to Allen Reynolds, in September, 1830, which was offered as a certified copy of an ancient instrument, and in connection with the other evidence of the existence of the deed from Manchaca to Reynolds, and to prove its existence and contents; which evidence was objected to by plaintiffs as not competent, and objection sustained."  Defendants excepted.  This evidence is not offered as an archive of the general land office, but as a certified copy of an ancient instrument which is certified to from the general land office.  The antiquity of the original in the general land office, together with its authenticity, are both facts which are virtually assumed in the proposition to introduce the copy thereof as evidence.  The court correctly excluded the evidence.  Short *v.* Wade, 25 Tex., 511.  The original deed may have been still in the general land office, and should have been either produced or else accounted for.  But in no case would the mere certificate from the general land office, authenticating the instrument offered as a copy of an "ancient instrument" in that office, tend to establish its genuineness nor to prove its contents.  The rules of evidence applicable to establishing ancient documents are well established, and need not be stated; it is

sufficient to say that the mode adopted by the defendants is inadmissible.

The appellants assign as error that the court refused to give special instruction asked for by defendants, requiring the jury to find whether or not Manchaca made a deed to Allen Reynolds, dated September 2, 1830, conveying the land sued for in this action. There was not sufficient evidence before the jury as to the alleged outstanding title to have authorized the judge to give the instruction asked. The supreme court will not revise the refusal of instructions asked by the appellant, where a finding by the jury predicated upon them could not be sustained under any view of the law of the case which could be taken of it, under the evidence. See Fisk v. Wilson, 15 Tex., 430; Erwin v. Bowman, 51 Tex., 513; Commercial Bank v. Jones, 18 Tex., 829; Sypert v. McGowan, 28 Tex., 639.

The action of the district court in giving or refusing instructions will not be revised, unless, when applied to the facts, there is manifest injury to the party complaining. Texas Land Co. v. Williams, 51 Tex., 51; and see Fisk v. Holden, 17 Tex., 408.

There was not furnished by the evidence any basis on which to support a verdict on the defendants' plea of the statute of limitations of ten years. The evidence fails to show a continuous possession of the land held by the defendant Pede and by S. R. Hearn (who, it was claimed, put him in possession under him), during the period of ten years consecutively (deducting from the time that period during which the statutes of limitation were suspended). Besides, no privity of estate is shown to have existed between defendant Pede and S. R. Hearn, unless it were that of landlord and tenant, Pede being the tenant. Therefore, if by tacking both possessions together a continuous unbroken occupancy of ten years' statutory adverse holding were made out, there would be only the time to account in behalf of Pede, during which he possessed and claimed it for himself, and adversely to his former landlord. According to the evidence, Pede went upon the land in 1863. The statutes of limitation were then suspended, and continued to be so until the 30th day of March, 1870. The evidence is that he left the land in 1871, and was absent a year or more. This suit was brought in 1876. If he and those under him had continued on the land during the years 1871 and 1872, still he would not have completed the bar which he claims. Where a defendant relies on the possession of others, anterior to his, to make out the term of ten years required by art. 17 of the statute of limitations, he is required

to show privity between himself and those whose possession he claims as part of his title under the statute. Trueheart *v.* McMichael, 46 Tex., 222.

The court, in the exercise of its discretion, refused to grant a new trial, and from a consideration of the record we cannot say that the action of the court was improper, or was an abuse of the discretion confided to the judge presiding. If the defendants were surprised by the testimony of the witness Hamman, it was not made to appear that he deceived or misled the defendant to rely upon him to prove any of the facts which the defendant expected to establish by him, or that he had at another time previously stated those facts differently from the statements made on the stand. Considering the nature of the evidence which the defendants desired to obtain from that witness, due prudence ought to have prompted an inquiry from the witness touching his knowledge of the facts to be proved by him before the trial. Whilst neglect, and perhaps unjustifiable carelessness on the part of a litigant, in venturing to prove his case without proper caution in his preparation, may be imputed to him (see Buford *v.* Bostick, 50 Tex., 371), still, the rule applicable to the granting of new trials in the district court does not deny the right of the court to grant it according to its discretion and on proper terms; but the rule which governs the supreme court in revising the action of the inferior court is not to interfere with the exercise of that discretion, unless it shall appear that there has been an abuse of it. See Delmas *v.* Margo, 25 Tex., 1; Mitchell *v.* Bass, 26 Tex., 372. Besides, it seems that the defendant ought to have asked, during the trial and before verdict, to withdraw announcement of readiness for trial for the cause of surprise, or else taken nonsuit with leave to set it aside, instead of taking the chances of a verdict in his favor. Kilgore *v.* Jordan, 17 Tex., 346.

Under the views which we have expressed in regard to the defendant's plea of the statute of limitations and the evidence applicable to it, it is to be seen that we regard the cases which have been cited in the early part of this opinion, relating to alleged errors in giving or refusing instructions, to be applicable to the appellants' fourth assignment of errors, complaining that the court gave, at the request of plaintiff, an instruction to the effect that " the defendant Pede must show that he is the owner of such title or right as S. R. Hearn had in and to the land, or he cannot connect his possession with that of Hearn, but must rely altogether on his own possession." If there was error, it was merely abstract error. Under the evidence in the case the instruction appears to have been proper.

It is not essential to determine whether it was precisely correct or not, however; the evidence was not of a character to entitle the defendant to a verdict on defendant's plea of the statute of limitations, and the instruction will not be revised. There are some other questions presented under the assignment of errors, which need not be discussed; we have considered all of them, and our conclusion is that the judgment ought to be affirmed.

AFFIRMED.

[Opinion approved December 5, 1882.]