## HOPE *v.* THE STATE.

1. When a party is induced to go to trial upon the statement of a witness that he will testify to a given state of facts, to which another witness would testify if he were present, and during the progress of the trial the witness·communicates to the party that he will not testify as promised, and no motion for a postponement is made, a new trial will not be granted upon the ground of the surprise resulting from the withdrawal by the witness of his promised statement.

2. There was no error in refusing to grant a new trial.

Submitted November 21,—Decided December 21, 1905.

Indictment for adultery and fornication. Before Judge Talia-
ferro. City court of Sandersville. October 2, 1905.

The motion for a new trial, beside the general grounds, contained
two special grounds, one based upon newly discovered evidence, and
the other setting forth the following statement of facts: The de-
fense relied upon two witnesses to establish an alibi, and these wit-
nesses were absent when the case was called for trial, but counsel
for the accused was assured by another witness that he could swear
to the alibi of the accused. Relying upon this witness to establish
such fact, the accused went to trial. During the trial this witness
informed counsel for accused that he could not testify to the alibi,
and the accused was thus prevented from setting up this defense.
Attached to this second ground was an affidavit of counsel that the
facts set forth were true, but there was no affidavit from the per-
sons named in the ground that if they had been present they would
have testified to an alibi.

*Marvin L. Gross,* for plaintiff in error.

*G. H. Howard, solicitor,* contra.

COBB, P. J.   When counsel for the accused learned that the wit-
ness upon whose statement he relied in reference to the proof of
an alibi had misled him, he should have called the attention of the
court to the matter and made a motion for a postponement of the
case. As knowledge of this fact came to him pending the trial,
he could not take the chances of a favorable verdict, and, after an
unfavorable verdict, insist upon a new trial being granted on ac-
count of a fact which came to his knowledge before verdict. In
*Rolfe* v. *Rolfe,* 10 *Ga.* 143, the evidence, which by oversight had not
been introduced, was offered pending the trial, and it was held that
under the circumstances it was error to reject the evidence, and a
new trial was granted on this ground. Even if the ruling laid
down in the case of *Wilson* v. *Brandon,* 8 *Ga.* 136, is to be followed
at all at the present time, the present case, upon its facts, is not
controlled by that ruling. In that case the motion for a new trial
contained an affidavit of the absent witness that if present he would
have testified to the fact which the plaintiff had failed to prove on
account of being misled by the statement of another witness. That
case should not be extended beyond its peculiar facts.

2. The alleged newly discovered evidence was impeaching in its

nature, and the rule is well settled that the discretion of the judge in overruling a motion for a new trial based upon the discovery of evidence of such a character will not be controlled. The evidence authorized the verdict, and there was no error in refusing to grant the new trial. *Judgment affirmed. All the Justices concur.*