No. 2,469.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS, *v.*
FRANK ANDERSON, APPELLANT.

CRIMINAL LAW.—RIGHT OF THE ACCUSED TO BE EXAMINED IN HIS OWN BEHALF.— The right of the accused to be examined in his own behalf is one which he may exercise or not, and no presumption can be properly indulged against him for his not doing so.

IDEM.—The existence of this right does not modify or change any of the rules of evidence as they existed anterior to its incorporation into the Code of Criminal Practice.

EVIDENCE OF CHARACTER OF DECEASED ON TRIAL FOR MURDER.—It is not a material question whether the deceased was, in fact, a man of dangerous character; it is his reputation, as such, that constitutes the legitimate subject of inquiry.

APPEAL from the District Court of the Sixth District, Sacramento County.

The facts are stated in the opinion.

*Creed Haymond*, for Appellant.

*Jo Hamilton*, Attorney General, for Respondents.

TEMPLE, J., delivered the opinion of the Court.

The defendant was tried for murder. On the trial the killing was admitted, but was claimed to have been done in necessary self-defense. The defendant, being convicted of manslaughter, takes this appeal.

The defense, after showing by the witness, Sayles, that deceased was reputed to be a dangerous man, asked the witness "if he knew what the defendant's opportunities were for hearing and knowing of this character." This question was objected to and the objection was sustained. There seems to be no controversy upon the materiality of this evidence, and it was excluded upon the ground that the defendant was a competent witness, and could most effectually prove his knowledge of this fact. This is clearly erroneous. The defendant was not called upon to offer himself to prove any fact in the case, nor can any presumption be properly indulged against him for not doing so. The fact that his evidence is entitled to less weight than the testimony of a disinterested person, is sufficient reason for desiring to establish his defense, so far as possible, by other testimony.

We think the Court erred, also, in allowing the prosecution to prove, against the objection of the defense, that the "deceased was not, in fact, a dangerous man." It is well established that the *reputation* of the deceased in the respect mentioned may be given in evidence, where the circumstances of the case make it doubtful whether the homicide was committed in necessary self-defense, in order to show that the defendant may reasonably have believed himself in danger. It is not material in this respect whether the deceased was, in fact, a dangerous man, especially where

there is no pretense that the defendant knew that fact, or entertained that opinion of the deceased. The admission of this evidence may have very materially prejudiced the defendant, and a new trial must be granted.

We cannot see that a discussion of the other rulings complained of would be of any assistance upon the re-trial of the case.

Judgment reversed and a new trial ordered.