Points decided.

[No. 3,230.]

# MANUEL A. FERRER v. THE HOME MUTUAL INSURANCE COMPANY.

STATEMENT FOR NEW TRIAL.—A statement on motion for a new trial, which does not specify the particular reasons on which the party will rely for a new trial, must be disregarded.

IDEM.—Neither the notice of motion for a new trial, nor affidavits filed in support of such motion, have properly any place in a statement on motion for a new trial.

STATEMENT ON APPEAL.—A statement on appeal must specify the particular points on which the appellant will rely on the appeal, or it may be stricken out.

STATEMENT FOR NEW TRIAL.—The failure to insert in a statement the particular points on which the party will rely, is not cured by inserting such points in the notice of motion for a new trial.

AMENDMENT TO ANSWER.—There is no error in refusing to allow an answer to be amended, when the amendment is unnecessary, and the defendant can introduce all his evidence under the original answer.

POLICY OF INSURANCE.—An endorsement on the back of a policy of insurance, of the name and place of business of the company by which it is issued, forms no part of the policy.

THE JUDGMENT IS PRESUMED TO BE CORRECT.—The appellant must affirmatively show error, and if he presents a bill of exceptions taken to the admission of certain evidence, and under a certain state of facts the evidence would be admissible, the presumption will be, that the facts existed, unless he show the contrary by bringing up all the evidence in the record.

NEW TRIAL ON GROUND OF SURPRISE.—When a party defendant is taken by surprise by the testimony of a witness produced by the opposite party several days before the close of the trial, and knows of a witness who resides out of the State by whom he can contradict the witness whose testimony surprises him, he should move for a continuance at once in order to take the deposition of the witness who resides out of the State, and not wait to move for a new trial, on the ground of the surprise.

IDEM.—A party who is surprised by the testimony introduced by his adversary must make application for relief at the earliest convenient time.

COMPLAINT ON INSURANCE POLICY.—If an insurance policy provides that it shall be void if the interest of the assured is other than the entire sole ownership, a complaint on the policy which describes the property insured as the plaintiff's property, and avers that he had an interest in it, and all thereof, as the owner thereof, and says, "all thereof being the property of the plaintiff," contains sufficient allegations of ownership.

IDEM.—If a policy of insurance requires the assured in case of loss by fire, to produce a certificate of a Magistrate, Notary Public, or Commissioner, that he has examined the circumstances attending the loss, and knows the character of the assured, and believes he has, without fraud,

sustained the loss, as a condition precedent to a recovery for a loss, an allegation in a complaint "that the plaintiff duly fulfilled all the conditions of said Insurance respectively on his part," is a sufficient allegation of having procured such certificate.

IDEM.—An averment in a complaint on a policy of insurance, that the loss sued for was caused by fire, and not by the falling of any building, is equivalent to an averment that it was not caused by a fire which ensued from the falling of a building.

APPEAL from the District Court, Seventeenth Judicial District, County of San Diego.

Action on two policies of insurance issued by the defendant to the plaintiff, one for $1,150, covering the billiard table, bar-room furniture and fixtures, and mirror of the plaintiff, in his saloon in San Diego, and running for one year from July 12th, 1869; and the other for $2,800, covering the frame saloon building, and running for one year from February 1st, 1870. The property was destroyed by fire May 12th, 1870. The action was commenced July 22d, 1870. The complaint, after averring the making of the policies, etc. continued as follows:

"That at the time and times of making said insurances and each thereof, and from them respectively, until the fire hereinafter mentioned, the plaintiff had an interest in the property insured, and each and all thereof, as the owner thereof, to an amount exceeding the amount of said insurance and of said policies respectively."

"That on the twelfth day of May, A.D. 1870, the billiard table, bar-fixtures, bar-room furniture and mirror, mentioned in and insured by policy Exhibit A, and the frame store building and frame saloon building mentioned in and insured by policy Exhibit B, and each and all thereof, then being the property of this plaintiff, were totally destroyed by fire, which loss was not caused by public enemies, invasion, insurrection, riot, civil commotion, military or usurped power, the falling of any building, nor was said loss in any manner caused by theft at or after said fire, nor by lightning or explosion of any kind, nor by the removal of said property or any portion thereof, nor by neglect to

use all practicable means to save and preserve said property from damage at or after the said fire."

"That the plaintiff duly fulfilled all the conditions of said insurances respectively, on his part, and more than sixty days before the commencement of this action, to wit, on the nineteenth day of May, A.D. 1870, at San Diego, gave to the defendants due notice and proof, as required by each of said policies, of the fire and loss aforesaid, and duly demanded payment of the respective amounts mentioned in Exhibits A and B, amounting in the aggregate to the sum of three thousand nine hundred and fifty dollars."

A copy of the policy was set out in the complaint. One of the clauses contained in the policy, was as follows:

"In case of loss, the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss under oath, stating the time, origin and circumstances of the fire, the occupancy of the building insured or containing the property insured, other insurance, if any, and copies of the written portion of all policies, the whole cash value and ownership of the property, and the amount of loss or damage, and shall produce the certificate under seal of a Magistrate, Notary Public, or Commissioner of Deeds nearest the place of the fire, and not concerned in the loss or related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount claimed by the said assured."

Another clause of the policy was, " that there shall be no liability under this policy for loss by theft at or after a fire, nor for loss caused by public enemies, invasion, insurrection, riot, civil commotion, military or usurped power, nor for loss caused by lightning or explosions of any kind, unless fire ensues, and then for the loss or damage by fire only, nor for loss caused by the falling of any building insured or containing property insured by this policy, or by fire ensuing therefrom, nor for loss or damage caused by removal of property from a building where there is no loss by

fire unless such removal was necessary to preserve the property, in which case the damage shall be borne by both parties in proportion as the whole sum insured bears to the whole value of the property insured, nor for loss or damage caused by neglect to use all practicable means to save and preserve the property from damage at or after the fire, and there can be no abandonment to the company of the property insured."

The following endorsements were made on each of the policies when they were delivered to the plaintiff: "Home Mutual Insurance Co. of San Francisco, Cal., office No. 15 New Merchants Exchange Building, California St." The endorsements were not on the copy of the policies contained in the complaint. The plaintiff offered the policies in evidence without proof of their genuineness, and defendant objected, because copies of the policies were not annexed to or contained in the complaint, but the Court overruled the objection.

In the course of the trial the plaintiff introduced in evidence the following letters of administration, with the usual oath of an administrator endorsed thereon:

"*In the Probate Court of the County of San Diego.*

"In the matter of the estate of JOSE ANTONIO AGUIRRE, deceased.

"THE STATE OF CALIFORNIA, ⎫
      County of San Diego. ⎭

"Manuel A. Ferrer is hereby appointed administrator, with the will annexed, of the estate of Jose Antonio Aguirre, deceased.

"Witness George A. Pendleton, Clerk of the Probate Court of the county of San Diego, with the seal of the Court affixed, the 28th day of October, A. D. 1865.

"By order of the Court.

"GEO. A. PENDLETON, Clerk."

The defendant objected, as irrelevant, but the Court overruled the objection. In the course of the trial Ben-

jamin Hayes, a witness produced by the plaintiff, testified as follows:

"I served a copy of this notice in my handwriting on Col. Jones; I think I served copies of the papers on May 21, 1870. I will qualify that by saying I served them on May 19th, 1870. I went in company with Don Manuel A. Ferrer, and served the papers on W. H. Francis, the agent of the Home Mutual Insurance Company. He was notoriously acting as such agent. Before serving the notices, I preserved a copy in my professional book, from which I have taken a copy to be offered in evidence. There being two policies I served duplicate notices. I was in company with Don Manuel A. Ferrer, the plaintiff in this suit."

Here the defendant objected to the admission of Benjamin Hayes' testimony, for the reason that the policies of insurance sued on required that notices and proofs of losses shall be given at the office of the defendants, and that notices served on the agent, W. H. Francis, are not sufficient.

Benjamin Hayes resumed, and testified further as follows, to wit:

"I went in company with Manuel A. Ferrer. He does not understand English, and it was absolutely necessary I should go with him. There was no objection made at that time by the agent to the service on him. I asked the agent if he required any other proof, such as notary's or magistrate's certificate. He said it was not necessary in this case. Ferrer went up to San Francisco on next boat."

The defendant here gave notice that he would move to strike out the testimony of Benjamin Hayes and the paper about to be read.

And A. Brunson, Esq., for plaintiff, read copy of the notice to the company, informing them of the fire and loss, and it was conceded by the defendants that the original was verified. Defendants' objection was overruled.

Benjamin Hayes was asked by the plaintiff:

Q. Will you state the conversation between you and Francis?

The defendant objected to the question on the ground that plaintiff must first show that W. H. Francis was the agent of the company, and that any concessions made by him were within the scope of his authority as such agent; and moved the Court to strike out the testimony of Hayes as to what Francis said.

The Court ruled: "Let the testimony be taken, subject to defendant's objections."

Benjamin Hayes, resuming, testified on cross-examination:

"The only thing I wished Mr. Francis to waive was the following language in the policy, to wit: 'And shall produce the certificate, under seal of a Magistrate, Notary Public, or Commissioner of Deeds, nearest the fire and not concerned in the loss, nor related to the assured, stating that he has examined the circumstances attending the loss, and verily believed that the assured had without fraud sustained loss on the property insured to the amount claimed by the assured.' That is what I asked should I offer proof of, and Francis answered, 'It is not necessary in this case.'

"The papers I served on Francis were proofs of fire and loss, actually sworn to before, and certified to by, J. W. Tyson, notary public. No other papers were served on him."

The plaintiff had judgment for the full amount expressed in the policy, and the defendant appealed.

The other facts are stated in the opinion.

*G. A. Jones*, for Appellant.

There is no qualification expressed in the written portion of the policy as to the interest of the assured in the buildings. To recover as to them plaintiff would have to prove that he was such " entire, unconditional and sole owner thereof," *i. e.*, that he owned in fee simple the Lot B in Block No. 45, on which they stood. (1 Hilliard on Real Estate, page 8 *et seq.*

There is no allegation in the complaint of such unqualified interest in the buildings, on the part of plaintiff; con-

sequently there could be no proof of such interest, and hence the complaint is defective.

2. The policies provided that in case of loss the plaintiffs should give immediate notice thereof to defendants, and render to them proofs of the loss, and produce to them the certificate of a Magistrate, Notary Public, or Commissioner of Deeds, nearest the place of the fire, stating that "he had examined the circumstances attending the loss, knew the character and circumstances of the accused, and verily believed that he had without fraud sustained loss on the property insured to the amount claimed by him," and that until such notice, proofs and certificates were received by defendants at their office such loss should not be payable.

There is no allegation of plaintiff's compliance with these pre-requisites (especially as to the production of the certificate of a magistrate, notary, or commissioner), or that any such notice, proofs or certificate were ever received by defendants at their office.

True there is the general allegation before recited, "that plaintiff fulfilled all the conditions of said insurances on his part," etc., etc.; but immediately in connection with it is the recital of the specific acts done by him in fulfillment of such conditions, and that recital limits and confines the general allegation to this, "that plaintiff on May 19, 1870, at San Diego, gave to the defendants notice of the fire and loss, and proofs of the same, *i. e.*, a particular account under oath of the loss and fire, stating the time, origin and circumstances of the fire * * * the whole cash value, and ownership of the property," etc., etc.

This precludes the idea that any such notice and proofs were given by plaintiff to defendants at their office, or that plaintiff ever produced to defendants at their office, or elsewhere, any such certificate of a Magistrate, Notary, or Commissioner, and drives us to the conclusion that if plaintiff ever produced any papers to defendants it was only a notice of the fire and his sworn statement "containing a particular account of the fire," etc., etc.. and this not at the office of defendants, but at San Diego, wherever that may be.

In this action the plaintiff is the actor, the aggressor, and

*si agate de conventione,* he must be held strictly to allegations that he has performed all the conditions of the contract, to the performance of which he had committed himself.

The plaintiff should have been held to strict proof of the execution and genuineness of the policies offered in evidence, as he did not in his complaint, as to them, bring himself within the purview of section 53 of the Practice Act. Our statute is peculiar, and dispenses with such proof only when the complaint "contains or has annexed to it" a copy of the instrument on which the action is founded. In this respect it is different from the statutes of the other States. For instance in Texas, "when any petition or answer shall be founded on an instrument, charged to have been executed by the other party, such instrument shall be received in evidence without the necessity of proving its execution, unless such other party shall deny under oath the execution thereof." (Paschal's Dig. Laws of Texas, Art. 1,143.

Under our practice a defendant is not put to his plea of *non est factum,* under oath; nor is the plaintiff relieved from the proof of the execution and genuineness of the instrument sued on, except when a copy of it is "contained in or annexed to" the complaint.

The materiality of the omitted words is apparent from an inspection of the face of the policies and endorsements thereon, all of which entered into and formed a part of the contract made by the parties. It appears from such inspection:

1. That defendants were an insurance company doing business in San Francisco, California, and that their corporate name was "Home Mutual Insurance Company, of San Francisco, California."

2. That the policies were executed by the President and Secretary of defendants, in the city and county of San Francisco, California.

3. That by the terms of the policies, defendants, in case of loss, were not to be required to pay the same until sixty days after notice and proofs were received at their office. The endorsements located the office of defendants in the

city of San Francisco, California, and designated the particular place at which plaintiff was to render to defendants such notice and proofs and certificate.

The materiality of the omitted words will appear more significant if we consider that the defendants stipulated for service of notice and proofs of loss on them at their office— their place of business, which the endorsements located at San Francisco, and of which plaintiff had full notice that the complaint contains only one allegation as to the time and place of service of such notice and proofs, viz:  "May 19, 1870, at San Diego"—that the plaintiff's principal witness had already testified that the papers had that day been prepared at San Diego—that no effort was made to procure one of the most important of all the papers, the certificate of a Magistrate, Notary, or Commissioner, and that plaintiff manifested an unseemly anxiety to have somebody waive the production of that certificate, finally contented himself with a waiver by one W. H. Francis, a *soi-disant* agent of defendants in a small hamlet of the Pacific Coast.  As to the effect of variances when the attempt is made to set out the instrument in *haec verba*, see Greenleaf, pages 92, 93 94; 1 Philips Evidence, 862, 863, 864, 865, and 866, note 247; 3 Philips Evidence, 141, 143, note 638; id. 147, note 691; id. 460, 568.

The endorsement on the policy locating the office of dedendants was not merely an "advertisement," for the policy was not issued to be circulated.  It was expected to be kept by the plaintiff in his "strong box" with other valuable papers, and the indorsement was intended to notify him and no one else, where defendants transacted their business relating to losses, with the understanding and agreement, as it imports, that in the event of loss notice and proofs were to be made to them at their office in San Francisco, California.

*A. Brunson, Benj. Hayes* and *W. Jeff. Gatewood,* for Respondent.

The form of complaint used in this case is almost iden-

tical with that approved in *Rodi* v. *Rutgers Fire Ins. Co.*, 6 Bosw. 23. It is sufficient independent of adjudication.

The demurrer specifies as insufficiently alleged the conditions precedent. This being an action on contract, the allegations are sufficient under section 60 of the Practice Act. Conditions which might defeat policies, if broken, constitute grounds for defense to be set up in the answer, but need not be negatived in the complaint. (*Hunt* v. *Hudson River Fire In. Co.* 2 Duer, 481; *Rucker* v. *Green*, 15 East. 238.)

The card of the company, printed on the back of the policy, formed no portion of the contract, any more than does the spread-eagle upon the back of Wallace's U. S. Supreme Court Reports constitute a material part of the law, as announced by that august tribunal.

Supposing that after the issuance of those policies, and before the loss, the Company had removed its San Francisco office from "No. 15, New Merchants' Exchange Building," to the "Russ House," would the former place, by reason of that endorsement, continue to be the only place for making proof of loss? Should the managers of that building change the number of that room from 15 to 50—the insurance company consenting—there would then be no place for presenting the proof, and the assured would be relieved from the necessity of making any proofs whatever. Such is the legitimate deduction from appellant's legal premises. The policy itself answers the argument. "This policy is made and accepted upon the above express conditions" — upon the above conditions—not upon the endorsements.

Appellant cites numerous authorities as to the effect of variances, which have no bearing upon the case whatever. If the old common law rule pleading, which excluded instruments for variances in orthography, was in force, he could then, with less propriety, object to the introduction of those policies. To state the proposition is its refutation.

The policy says: "If the interest of the assured be any other than the entire, unconditional, and sole ownership of the property," evidently meaning the property insured, not the lot, although appellant insists that the language quoted

meant "that he owned in fee simple lot No. 45, in block B." To support this theory, he cites 1 Hilliard on Real Estate, page 8, *et seq.* We quote from the place referred to:

"A son, by permission, erected a house upon the land of his father, under the mutual expectation that the land would be devised to the son, but with no agreement that the father should own the house, or be accountable for its value. *Held,* the house belonged to the son as personal property." (*Wells* v. *Bannister,* 4 Mass. 514.)

"Such building will pass by bill of sale, and not with a deed of the land, nor can it be extended upon or removed in a real action. Trover will lie for it as for other chattels." (*Aldrich* v. *Parsons,* 6 N. H. 555; *Tapley* v. *Smith,* 5 Shepl. 12; *Smith* v. *Benson,* 1 Hill, 176.)

"When one in possession of land, *bona fide,* as his own, has erected buildings upon it, he or his grantee may remove them, without incurring any liability to the true owner of the land." (*Wickliffe* v. *Clay,* 1 Dana, 591.)

*S. Solon Holl, A. Brunson, Benjamin Hayes,* and *W. Jeff. Gatewood,* also, for Respondent.

The averments of the complaint as to ownership are sufficient. (*Garwood* v. *Hastings,* 38 Cal. 218; *Payne and Dewey* v. *Treadwell,* 16 id. 242–4; *Towles* v. *New York Indemnity Ins. Co.* 23 Barb. 143.)

The production of the certificate of the magistrate or notary is neither a condition precedent nor subsequent, and need not be alleged. (*Loundsbury* v. *The Protection Insurance Company,* 8 Conn. 459; *Catlin* v. *Springfield Insurance Company,* 1 Sumner, 439; *Hunt* v. *Hudson River Insurance Company,* 2 Duer. 481; Com. Dig. Tit. Pleader C. 81; *Hotham* v. *The East India Company,* 1 Term Rep. 638, 645; 1 Chitty Plead. 228.) If, however, the certificate is a part of the notice and proofs, then its service is sufficiently alleged. (See Practice Act, Sec. 60.)

By the Court, CROCKETT, J.:

The statement filed by the defendant, whether treated as a statement on motion for a new trial, or on appeal, must be disregarded. It does not contain the specifications required by section 195 of the code, of the particulars wherein the evidence was insufficient to justify the decision and judgment, nor of the errors in law occurring at the trial and excepted to by the defendant, nor does it specify the particular errors or grounds upon which the defendant intends to rely on the appeal, as required by sec. 338.

We have repeatedly decided that without these specifications the statement must be disregarded.

The defendant, it is true, in the notice of intention to move for a new trial, inserted certain specifications in these respects, and claims that this notice was incorporated into, and became a part of, the statement.

But, if so, the record before us does not show it. The notice was filed and served October 28th, 1871, and the statement was settled and agreed to by a stipulation of counsel November 2d, 1871. As presented by this record, the statement, after setting out the evidence and certain rulings of the Court in the progress of the trial, appears to terminate. Next follows without any note or memorandum, indicating that it was intended to be inserted in the statement, the notice of intention to move for a new trial, and this is followed by certain affidavits to be used in support of the motion.

In this respect the case is very similar to *Spencer* v. *Long* 39 Cal. 703. Neither of these papers has properly any place in a statement on motion for a new trial. Then comes a stipulation of counsel, which is designated in the transcript as "stipulation attached to statement," certifying to the correctness of the statement. The defendants filed a written motion for a new trial, "for the reasons and on the grounds as set out in their notice of intention to move for new trial and the affidavits attached thereto, and the statement this the 2d day of November, 1871, agreed upon and certified to be correct by the attorneys of the plaintiff and

defendants, which notice of intention to move for a new trial and said affidavits of G. A. Jones and Chalmers Scott are hereto attached and made part hereof."

This would seem to imply that the notice of intention and the affidavits formed no part of the statement. Otherwise it would have been wholly superfluous to annex them to the written motion and incorporate them into it. It is so easy to follow the directions of the statute in preparing the statement, and we have so frequently had occasion to animadvert upon the loose practice in this respect which has prevailed, that we are not inclined to look indulgently upon such irregularities as have occurred in this case.

The statement must be disregarded for the reasons already stated.

'But in the progress of the trial several points made by the defendants were preserved by bills of exception, which form a part of the judgment roll, and which we are at liberty to consider on the appeal from the judgment. The first exception relates to the refusal of the Court to permit an amendment of the answer during the progress of the trial. But a conclusive answer to this point is that the amendment was unnecessary, inasmuch as it tendered ·no new issues, and all the matters of defense which it sets forth could have been proved under the former pleadings. The second exception, founded on the ruling of the Court, in respect to an alleged variance between the copies of the policies annexed to the complaint and the originals which were offered in evidence, is equally without merit. The endorsement on the policies, of the name and place of business of the company, are no part of the instrument. This is too plain to admit of discussion. The next exception is to the ruling of the Court, in admitting in evidence and refusing to strike out the letters of administration on the estate of Aguirre. But as we cannot review the evidence, for want of proper specifications in the statement, it is impossible for us to determine whether or not the letters of administration were pertinent, on the question of the plaintiff's title and insurable interest in the property covered by the policies.

In the course of the trial Berry Hayes, a witness for the plaintiff, was allowed to testify, against the objection of the defendant, to the service of the notice of loss on one Francis, as the agent at San Diego of the defendant, and to a waiver by Francis as such agent of certain proofs of loss required by the policies.

This ruling also was excepted to, and the point is preserved in a bill of exceptions. But, as already stated, we cannot review the evidence, and it may be that there was evidence tending to show that Francis was the general agent of the defendant, with full authority to accept service of the notice of loss, and to waive the production of the proofs of loss required by the policies. We are not at liberty to look into the statement in order to ascertain whether or not there was such evidence, and as the appellant must affirmatively show error, we cannot infer that the Court erred in admitting testimony which, under a certain state of facts, may have been pertinent and competent. We cannot determine from this record, with a statement so defective that we are compelled to disregard it, but that there was proof of an express waiver by the defendant of the notice and proof of loss, in which event the testimony of Hayes could have done the defendant no possible damage. This disposes of all the bills of exception found in the record.

But the motion for a new trial was founded in part on the ground of surprise, in the testimony of Hayes as to the admissions and waiver of Francis; and in support of this ground of the motion, the affidavits of defendant's attorneys were produced, to the effect that Francis had informed them that " he had never had anything to do with the policies sued on; that he did not know there were such policies until after the fire," and that "he had taken no action in relation thereto as the agent of defendants;" that Francis expressed his belief that the plaintiff's action could be defeated on the ground that " he had not produced a certificate of a Magistrate, Notary, or Commissioner, as required by the policies; that Francis now resides at Chicago, and on another trial, his testimony could be had to the above effect; that the attorneys were surprised by the admissions of the testimony

of Hayes, as there was no allegation in the complaint which he thinks warranted it."

The trial commenced on the twelfth and ended on the twentieth of October, and the testimony of Hayes was given several days before the conclusion of the trial.   If the defendant was surprised by this testimony, there should have been a motion to continue the cause in order to procure the deposition of Francis.   In such cases the application for relief must be made at the earliest convenient time, and certainly without unreasonable delay.   A party should not be allowed to speculate on the chances of a favorable decision, and after he has lost his cause, move for a new trial on the ground that he was surprised by the introduction of certain testimony by his adversary.   " It is better for the purposes of justice and the convenience of Courts and litigants, to afford relief at once and on the spot, if it can be done." (*Schellhouse* v. *Ball*, 29 Cal. 608.)   The rule was somewhat relaxed in *Delmas* v. *Martin*, 39 Cal. 557.   But the case was peculiar, and we are not inclined to extend the relaxation beyond the facts of that case.

The only remaining question is, whether the Court erred in overruling the demurrer to the complaint.   The grounds of the demurrer are—1st. That the complaint does not aver that the plaintiff was the entire, unconditional, and sole owner of the property insured.   2d. That there is no averment that, after the fire, the plaintiff produced to the defendant a certificate of a Magistrate, Notary, or Commissioner, as required by the policies.   3d. That the complaint fails to state that the loss was not occasioned by one of the excepted causes specified in the policies.

One of the conditions of the policies is that "if the interest of the assured be any other than the entire, unconditional, and sole ownership of the property," the policy shall be void.   There is no express averment in the complaint that the plaintiff was the entire, unconditional, and sole owner of the property in the language of the policy.   But it is described as "his property," and that he "had an interest in the property insured, and each and all thereof, as the owner thereof, to an amount exceeding the amount of said

insurance," and each and " all thereof then being the property of this plaintiff." This, we think, was a sufficient averment of ownership. " The allegation that the plaintiff is the owner of the land is, in substance, an allegation of seizin in fee." (*Garwood* v. *Hastings*, 38 Cal. 218; *Payne* v. *Treadwell*, 16 Cal. 242.)

The second ground of demurrer is not tenable. If the production of the certificate of a Magistrate, Notary or Commissioner was a condition precedent, without the performance of which the plaintiff had no cause of action, then it was included within the general averment in the complaint " that the plaintiff duly fulfilled all the conditions of said insurances respectively on his part." Under Section 60 of the Practice Act, this was a sufficient averment of the performance of all the conditions precedent.

The third and last ground of demurrer is founded on the fact that the complaint fails to aver that the loss did not accrue from one of the excepted causes specified in the policies. Amongst other exceptions it is provided, that the company shall not be liable, if the loss be occasioned " by the falling of any building insured, or containing property insured by this policy, or by fire ensuing therefrom." The complaint avers that the loss was not caused " by the falling of any building," but omits the words " or by fire ensuing therefrom." It is averred, however, that the loss was caused by fire, and not by the falling of any building, which, we think, is equivalent to an averment that it was not caused by a fire which ensued from the falling of a building. The averment on this point is, perhaps, not as explicit as accurate pleading would have required, but we think it is sufficient, and no good could result from reversing the case on so slight a defect in a pleading which could be amended on another trial. We are satisfied the judgment is in accordance with the merits of the cause, and ought not to be disturbed.

Judgment affirmed.

A rehearing was granted after the foregoing opinion was delivered, and after argument, the following opinion was delivered.

By the Court, CROCKETT, J.:

The argument on the rehearing has failed to convince us that the former opinion delivered in this cause ought to be in any respect modified; and it will, therefore, stand as the opinion of the Court.

Judgment and order affirmed—remittitur forthwith.