[No. 13373.    Department Two. — March 16, 1891.]

J. S. EMERY ET AL., RESPONDENTS, v. THE SVEA FIRE INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE — ACTION UPON POLICY — PERFORMANCE OF CONDITIONS — NOTICE OF FIRE AND LOSS — PLEADING. — An allegation in the complaint in an action on a fire insurance policy, "that the plaintiffs duly performed all the conditions of the said contract of insurance on their part," is a sufficient allegation of a notice to the company of the fire and loss, as required by the policy.

ID. — ACCEPTANCE OF PREMIUM AFTER KNOWLEDGE OF LOSS — WAIVER OF NOTICE — ESTOPPEL. — An acceptance by the insurance company of the premium due after knowledge of the fire and loss estops the company from claiming, in an action on the policy, that the insured neglected to give the notice forthwith, as required by the policy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*T. C. Van Ness,* for Appellant.

Compliance with the conditions of the policy touching notice of the fire, preliminary proofs of loss, and the magistrate's certificate are conditions precedent to the maintenance of an action thereon, and as the complaint does not disclose any reason why notice was not given until seventy-five days after the fire, it must be presumed, as against the pleader, that none existed; and as it thus appears that the notice was not given forthwith, and no sufficient excuse for this omission is shown, plaintiffs have not brought themselves within the stipulation, and hence have not stated a cause of action against defendant. (*Trask* v. *State F. & M. Ins. Co.*, 29 Pa. St. 198; 72 Am. Dec. 622; *Whitehurst* v. *North Carolina Mut. Ins. Co.*, 7 Jones, 436; 78 Am. Dec. 246; *Inman* v. *Western F. & M. Ins. Co.*, 12 Wend. 452; *McEvers* v. *Lawrence*, 1 Hoff. Ch. 172.) The adverb "forthwith," taken in its common acceptation, imports immediate action, and it cannot be said that notice five days after the fire was immediate

notice. (*Trask* v. *State F. & M. Ins. Co.*, 29 Pa. St. 198; 72 Am. Dec. 622.) It is only by way of recital that we are advised that defendant had knowledge of the fire prior to October 8th, and a fact recited is not a fact alleged. (*Mechanics' Bank* v. *Levy*, 3 Paige, 606, 611.)

*Gray & Haven,* for Respondents.

The allegation "that the plaintiffs duly performed all the conditions of said contract of insurance on their part" is an answer to all the objections made by appellant to the sufficiency of the complaint. (Code Civ. Proc., sec. 457; *Ferrer* v. *Home Mutual Ins. Co.*, 47 Cal. 416.)

DE HAVEN, J.—This is an appeal from a judgment in favor of the plaintiffs against the defendant, for the sum of two thousand dollars, and legal interest thereon from December 8, 1885, and costs. The appeal is upon the judgment roll alone. The contention of the appellant is, that the judgment should be reversed, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, because it appears therefrom that notice of the loss sustained by plaintiffs was not given forthwith, as required by the terms of the policy of insurance upon which plaintiffs seek to recover. The complaint alleges that the building insured was destroyed by fire on July 25, 1885, and that upon October 8, 1885, the plaintiff gave to defendant due notice and proof of such fire and loss. The appellant insists that, as the notice was not given forthwith, the defendant is not liable; but there is also an allegation in the complaint "that the plaintiffs duly performed all the conditions of the said contract of insurance on their part," and if giving notice of the fire and loss forthwith was a condition of said policy to be performed by plaintiffs, then the complaint, in this general statement, alleges the due and timely performance of this condition. (*Ferrer*

v. *Home Mut. Ins. Co.*, 47 Cal. 416.) If the other allegation, as to the exact date when such notice was given, is inconsistent with the general statement just quoted, then the most that can be said is, that the complaint in that respect might be considered as ambiguous; but no such objection was pointed out in the demurrer which the appellant filed. But a conclusive answer to the position assumed by appellant is this: The complaint alleges that the appellant did have notice of the loss within five days after it occurred, and with full knowledge of said fire demanded and received from respondents the premium of fifty dollars due upon the policy sued upon, a credit therefor having been previously given by the appellant. Under these circumstances, the appellant cannot be heard to say that the contract of insurance was not in full force on that day, and as it then knew of the fire and the loss of respondents, nothing further was required of respondents, in the way of giving notice, except to furnish, within a reasonable time thereafter, the preliminary proofs as to the particulars of the loss, and the complaint shows that this was done, even if not furnished before October 25, 1885.

Judgment affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.