The Chief Justice

delivered the Opinion of the Court.
This is is an action of assumpsit, in the name of Matilda McFarland Clark, an infant and illegitimate child, against the personal representatives of John McFarland, deceased, upon an alleged promise to her mother, Sena *135 Clark, to secure and pay to the plaintiff, whenever requested by her mother, ten thousand dollars, in consideration of an agreement by the mother, to forbear proceeding against him as the putative father.
It is a general rule, that no new trial should be granted on the ground of a discovery of parol testimony relating only to a point litigated on the trial, or the discovery of testimony to impeach the credit of a witness. But this rule does not apply where the ground is surprise; which does not indicate negligence, as discoverydoes. And, if the evidence to be introduced on the new trial, will tend to refute or repel that which caused the surprise, it is not material that it may impeach the witness. So—
*135 The Circuit Court having, in the first instance, sustained a demurrer to the declaration, either because the consideration, as averred, was deemed insufficient, or because that court was of the opinion that the action could not be maintained in the name of the child—this Court reversed that decision, and remanded the case. See the opinion and mandate, as reported in 5 Dana, 45.
The case was afterwards tried on the general issue, and a verdict and judgment rendered for ten thousand dollars.
The verdict was given chiefly on the testimony of Sena Clark, the mother; against which, there was strong opposing evidence, independently of facts conducing, in no slight degree, to destroy the credibility of her statements. And upon the facts, as they were presented before the jury, there might be some reason for doubting whether the Circuit Judge would have done any injustice, or abused a sound and enlightened judicial discretion, had he granted a new trial, on the single ground, that a first verdict for so large a sum, in such a case, and upon the testimony of such a witness, standing in her peculiar attitude, and contradicted by an imposing mass of opposing circumstances, should be enforced by the approving judgment of the Court.
But a decision on this isolated and doubtful point, is rendered unnecessary by another ground for a new trial, which, when connected with it, if not alone, shows ample cause for a new trial.
After the administrators had proved that the name of Sena Clark, subscribed to a paper purporting to be a receipt of full satisfaction from McFarland, was apparently in her hand writing—she, on further examination as a witness, denied that she had ever signed her name, and averred that she had never heard of the paper until she had seen it in the possession of a Mr. Wickliffe, not long before the trial.
Where defendants produced a receipt, purporting to be signed by the plaintiffs principal witness, and which was read upon proof, that the signature appeared to be hers, and she then, being further examined, declared that she never had signed it, and never saw it but once, only a short time before, tho’ the date was some ten years back; and deft’s, after a verdict against them, moved for a new trial, upon the affidavit of one of them, who alone had attended to the preparation of the cause, stating that he was much surprised by this witness’ evidence; that he was present when the receipt was shown to her, upon another occasion, when she did not deny, but virtually admitted, it; that he could have proved this, by two witnesses, (naming them,) who were also present, and would have summoned them, if he had known, or even suspected, that the witness wo’d have sworn as she did: held that the new trial ought to have been granted, on the ground of surprise, & clearly on that ground with the other circumstances above referred to.
*136 After the verdict, one of the administrators, and who alone attended to the defence of the case, filed an affidavit, in which, among other things, he averred that he was present when the writing was shown, at his own instance, by Mr. Wickliffe, to Sena Clark, and that she then did not deny, but virtually admitted, its genuineness; and that this fact, he would have proved by Wickliffe and one Howell, on the trial, had he known, or even suspected, that Sena Clark would have testified as she did; and whereby he, therefore, was surprised.
We are satisfied that these facts conduce to show a reasonable ground for surprise as to a fact important, if not decisive, in the case, and to show, also, that the non-preparation as to that fact, should not be ascribed to any want of reasonable vigilance or attention on the part of the only person who attended to the preparation of the defence to the action, and that, upon another trial, when there will be no surprise, a case essentially different from that now exhibited, will be presented to another jury.
It is a general rule, that a new trial should not be granted upon the sole ground of a discovery, after verdict, of parol testimony concerning a point litigated, or a fact known to the party, at the trial, because the converse of this rule would open a wide field for unfairness and subornation, and would tend to protract litigation, and render it not only uncertain, but almost interminable.
And hence, for the like reason, it has been often decided, that a new trial should not be awarded merely on the ground of a discovery of testimony to impeach a witness who testified on the trial.
But surprise is altogether a different ground for a new trial. It does not, like discovery, imply negligence, but shows a satisfactory reason for the non-production of testimony known to exist, but the materially of which, on the trial, resulted entirely from the unexpected fact respecting which the party seeking a new trial, had been lulled, either by the antagonist party, or the witness of that party; and had therefore been surprised. And, in a case of such surprise, the fact that the omitted testimony may tend to impeach a witness who had been examined on the first trial, is not material. When a party has not been sur *137 prised by the testimony of a witness against him, it would be unreasonable to grant him a new trial for the purpose of introducing new witnesses to discredit that witness. But when he was surprised by the testimony, it would be equally unreasonable, and even more so, to refuse a new trial merely because an opportunity would be thereby afforded to impeach a witness on the former trial, so as to effect what would have been done without a new trial, had there been no surprise; and that is, repel or defeat the testimony by which the party was surprised. Miller vs Field, (3 A. K. Marshall, 110.) Fabrillius vs Cock, (3 Burr. 1771.) 2 Tidd’s Practice, 936. Hammond vs Wadhams, (5 Mass. Rep. 353.) Arthur vs Chavis, (6 Rand. 142.)
We are, therefore, of the opinion, upon the whole case, that reciprocity and justice require, and the established principles of law authorize, a new trial in this case.
Wherefore, the judgment of the Circuit Court is reversed, the verdict set aside, and the cause remanded for retrial.