Pedro Rodriguez *et al. v.* Samuel Comstock *et als.*

PEDRO RODRIGUEZ *et al.*, EXECUTORS OF THE LAST WILL AND TESTAMENT OF SEBASTIAN RODRIGUEZ, DECEASED, *v.* SAMUEL COMSTOCK *et als.*

WHAT SURPRISE IS GROUND OF NEW TRIAL. — Where a party to an action, previous to the trial of the same, is told by a witness that he will testify in a certain manner in relation to a fact material to the issue, and the party to whom the declaration is made, relying on the same, neglects to procure other testimony, and secures the attendance of the witness, and when called to the stand the witness, either by collusion with the party against whom he is called, or by reason of any fact or occurrence for which the party calling him is not responsible, testifies contrary to what he had previously stated he should do ; this is a surprise in the sense in which that word is used in the law of new trials, and a new trial will be granted, provided the party applying for the same shows that he will be able on the new trial to supply the testimony required.   In such case it is not necessary for the party surprised to move for a continuance at the time.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

The facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellants.

*R. F. Peckham*, for Respondents.

*B. F. Ankeny*, for Appellants in reply.

By the Court, SHAFTER, J.

This was an action of ejectment.   The defendants, in their answer, denied all the allegations in the complaint, and further alleged, in effect, that the legal title to the premises demanded is in them and the plaintiffs, jointly.   The answer, in addition to the claim of legal title, contains a diversity of allegations, on the ground of which the defendants claim, alternatively, that the plaintiffs hold the land in controversy in trust for them, to the extent of one undivided half thereof.

Under the view which we have taken of the case presented by the record, it is unnecessary for us to pass upon the question of the equitable rights of the defendants, and it would,

Pedro Rodriguez *et al. v.* Samuel Comstock *et als.*

therefore, be improper to do so. The case was tried by the Court, and on the findings of fact as presented in the record, the alleged trust, confessedly, cannot be upheld. Neither do the findings of the Court contain any facts showing by conclusion that the legal title to the premises is in the defendants; and we are therefore confined to the appeal from the order refusing a new trial.

The motion for a new trial was based upon surprise, newly discovered evidence, and errors of law occurring at the trial.

We shall limit ourselves to the single point of "surprise."

The plaintiffs, at the trial, to make out their title as the representatives of Sebastian Rodriguez, relied upon a patent issued to him by the United States, based upon an inchoate title or grant made to him by Governor Alvarado in the year 1837.

The defendants, who claimed an older and better title than that—derived from Alexander Rodriguez, brother of Sebastian—introduced a certain petition, signed by Sebastian and Alexander, addressed to Governor Guiterez, and dated September 30th, 1836, tending to prove that they had been in the joint possession of the premises in controversy for eight years prior to said date; and further, tending to prove that such possession had been taken and held by them under a grant made in their favor; and also introduced a certain other petition of Sebastian to Governor Alvarado on the 27th of September, 1837, together with the deposition of Maximo Martinez, both tending to prove that the written evidence of such concession by Governor Arguello had been lost, and that such grant was made by him to Alexander and Sebastian jointly, in the year 1823. Thereafter, the defendants called Victorine Martinez to the stand, for the purpose of proving a delivery of juridical possession to the two brothers jointly, in 1823, by Mariana Estrada, Commander of Monterey, he acting therein by order of Governor Arguello.

The witness, on being interrogated, testified that many years ago, and during the time that Arguello was Governor,

he, the witness, was present at a delivery of juridical possession to Sebastian Rodriguez, by Estrada, of the Balsa del Pajaro, the premises in dispute.   On being inquired of if the name of Alexander Rodriguez was made use of at the time juridical possession was delivered, the witness replied that Alexander's name was not used.   The trial was thereupon proceeded with, and it resulted in a judgment for the plaintiffs.

In support of the motion of defendants for a new trial, a number of affidavits were filed, and were read in the Court below at the hearing.   From these affidavits it appears as matter of fact that Comstock, one of the defendants, had been informed by the witness, some time before the trial, that he, the witness, was present at the time when juridical possession was delivered by Estrada of the Balsa del Pajaro, and that the delivery was to Alexander and Sebastian; and it further appears that the defendants relied upon Martinez as a witness by whom to prove that fact on the trial of this action.   It further appears that a short time before the witness was called, "his head became greatly disordered," and so much so "that he was not fit to testify," and that he communicated the fact to the interpreter at the time he was required to be sworn.   That the witness, before the trial, had always said that the delivery of possession was to the two brothers jointly, and that he still asserts the fact so to have been.   It further appears that the defendants at the time of the said trial had no other witness in attendance by whom to prove the point that they so expected to establish by Martinez, though it appears that since the trial they have discovered other testimony.

On this state of the record we hold that the fact to prove which the witness was called, was one material to the issue. In the case of *Leese* v. *Clark*, 18 Cal. 536, it was held "that where a grant was made by a Governor, and received by the grantee, there remained another proceeding to be taken for the investiture of a complete title.   The proceeding was a judicial delivery of the possession.   This proceeding was an

Pedro Rodriguez *et al. v.* Samuel Comstock *et als.*

essential ceremony when there was any uncertainty as to the precise bounds of the land granted, and involved a definite ascertainment of the land to be delivered, and for that purpose required a survey and measurement—in other words, a location of the land."

We furthermore consider that the defendants were surprised by the failure of their witness, and in the sense in which the term " surprise " is used in the law of new trials. The parties applied to the witness seasonably in advance, and he then asserted that within his personal knowledge and recollection the fact in relation to which he was interrogated was with them. The defendants secured his attendance at the trial, together with that of an interpreter. When the witness was needed he was called to the stand, and on being inquired of, he completely defeated the just expectations that he had previously excited. It is of no moment, in our judgment, that the defendants did not, at that stage of the trial, move for a continuance ; for at that time they did not know, and therefore could have given no assurances to the Court, that a continuance would enable them to retrieve the disaster that had befallen them.

In *Wilson* v. *Brandon,* 8 Geo. 136, after verdict for the plaintiff, defendant moved for a new trial because his witness, by mistake, failed to prove a fact to make out his defense, (the witness having previously assured the defendant that he could and would do so,) whereby the defendant was prevented from procuring other testimony to prove the same fact. Held, that such mistake operated as a surprise on the defendant, and that he was entitled to a new trial.

In *Levy* v. *Brown,* 6 Engl. 167, in a trial on a note, a witness for defendant swore that it was usurious. On appeal, the same witness testified to a different state of facts, and a verdict was rendered for the plaintiff. Held, that the defendant was entitled to a new trial on the ground of surprise.

*McFarland's Administrators* v. *Clark,* 9 Dana, 134. Upon the trial a witness testified as to the execution of a certain

receipt directly contrary to the version she had given prior to the trial, and a new trial was awarded.

There are other cases to the effect that the mere fact that the witness of a party swears contrary to the party's expectation does not furnish adequate ground for granting a new trial; but all the cases agree that if the witness suddenly changes front, by collusion with the party against whom he is called, or fails to testify in accordance with his previous assurances, by reason of any fact or occurrence for which neither the witness nor the party calling him is in any measure responsible, that a new trial will be granted *ex debito justitiæ*.

We are not advised that the question here presented has ever been directly decided by this Court, but in *Taylor* v. *The California Stage Company*, 6 Cal. 228, the rule as we have presented it is incidentally recognized. " Surprise at the testimony of a witness called by the adverse party is no ground for a new trial, it not appearing that the party against whom the testimony was given had been misled by previous statements of the witness as to what he would testify."

It appears by the record that the claim of Alexander Rodriguez is now pending in the District Court of the United States for confirmation.

It only remains to be added, that the affidavits show that if a new trial should be granted, the defendants will have it in their power to introduce not only the evidence of Martinez, in relation to the parties to whom the possession of the Balsa was delivered by Estrada, in 1823, but other testimony also, discovered since the trial.

Judgment reversed and new trial ordered.