PETER DOYLE, Respondent, *v.* AGOSTINA STURLA,, Appellant.

New Trial—Conflicting Evidence.—When the evidence is conflicting, the appellate Court will not disturb the finding on the ground that it was not justified by the evidence.

Idem—Surprise.—If, at the trial, the defendant be surprised by unexpected testimony, it is his duty to move for a continuance, or he will not be permitted to avail himself of that point on a motion for a new trial.

Idem—Newly-Discovered Evidence.—When the alleged newly-discovered evidence is merely cumulative, and every material fact disclosed by the affidavits is contradicted by counter-affidavits, and the appellate Court cannot clearly say that the Court below erred in refusing it, a new trial will not be ordered.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The case is stated in the opinion.

*Quint & Hardy,* for Appellant.

*R. G. Rowley* and *James B. Newby,* for Respondent.

RHODES, J., delivered the opinion of the Court:

The conflict in the evidence is so manifest, that we would not be warranted in disturbing the finding, on the ground that it was not justified by the evidence.

In *Shellhous* v. *Ball* (29 Cal. 608)—in which the principal issue was, as in this case, payment—one of the grounds of the motion for a new trial was surprise; and, in respect to that ground, it was said that if the party alleging surprise "can relieve himself from embarrassment in any mode, either by a nonsuit or a continuance, or the introduction of other testimony, or otherwise, he must not take the chances of a verdict, but must at once fortify his position by resorting to all available modes of present relief." If the defendant was, or could have been, surprised, in a legal sense—a point which we do not decide—by the testimony, showing the making of another note for the same sum as that in suit, and that the receipt was applicable to such other note, he should have moved for a continuance, in order that he might procure further evidence. Failing in this, he cannot avail himself of the point on motion for a new trial.

Much of the alleged newly-discovered evidence is merely cumulative; and, besides this, every material fact is contradicted by the counter-affidavits. After a careful examination of the affidavits on both sides, we cannot clearly say that the Court erred in refusing a new trial, on the ground of newly-discovered evidence.

Judgment and order affirmed.