No. 2,062.

ANTOINE DELMAS, RESPONDENT, *v.* CALVIN MARTIN *et al.*, APPELLANTS.

PRACTICE. — SURPRISE. — NEW TRIAL. — The introduction in evidence of an unrecorded deed, of which the opposite party had no knowledge or notice, at the close of the evidence on the trial, is a sufficient surprise to authorize the granting of a new trial.

IDEM. — The general rule is, that a party surprised on the trial must apply for relief at the earliest practicable moment and in such method as will produce the least vexation, expense and delay.

IDEM. — In cases where the surprise is clearly established and the consequences can be avoided on another trial, and where it appears that the party was guilty of no laches, and acted in good faith in failing to apply for relief at an earlier stage of the proceedings, the rule may properly be relaxed so as to enable the party to avail himself of the surprise as a ground for a new trial.

APPEAL from the District Court of the Third District, Santa Clara County.

The facts are stated in the opinion.

*S. O. Houghton*, for Appellants.

*D. M. Delmas* and *William Mathews*, for Respondent.

CROCKETT, J., delivered the opinion of the Court, SPRAGUE, J., and TEMPLE, J., concurring:

The action is to recover a lot in the City of San Jose, and the plaintiff deraigns title through a grant made in 1847, by the Alcalde, to one Villagrana, a deed from the latter to Peter Davidson, made in June, 1847, and a conveyance from Davidson to the plaintiff, made in April, 1867. The defendants claim that the alleged grant to Villagrana, is void for uncertainty; and deraign their title to the premises under conveyances from the City of San Jose, as successors in interest to the former pueblo of that name. On the trial, the Court held the grant to Villagrana to be valid and sufficiently certain; and the defendants, in order to establish an outstanding title in a third person, then put in evidence a conveyance from Davidson to one Black, made in 1847, nearly twenty years prior to the conveyance from the same grantor to the plaintiff. To rebut this evidence, the plaintiff put in evidence a deed from Black to himself, bearing date in the

year of 1867, a few days prior to the commencement of this action, and which had not been recorded at the time of the trial. A verdict and judgment having been rendered for the plaintiff, the defendants moved for a new trial ; one of the grounds of the motion being surprise of the defendants, by the introduction of the deed from Black to the plaintiff. In support of this branch of the motion, the affidavit of said Black was produced, from which it appears that, in 1848, he sold and conveyed whatever interest he had in the lot to Le Page, and that when applied to, in 1867, to make the conveyance to the plaintiff, he informed the plaintiff's agent of the prior conveyance to Le Page, and that he had no title to convey to the plaintiff; but being requested by the agent to sign and deliver the deed, he did so, without having received any consideration therefor. The affidavit of defendant, Martin, was also produced, in which he states that through mesnes conveyances from Black, he acquired, in 1853, all the title that Black ever had to said premises, and that the plaintiff well knew this fact when he took the deed from Black in 1867 ; that the deed from Black, made in 1848, was lost, and has never been recorded ; that neither the defendant or his counsel had any knowledge or notice of the deed from Black to plaintiff, until the same was offered in evidence ; that if he had known of the existence of the deed, he would have been prepared with proof to show the conveyance from Black to Le Page ; but being surprised by the production of the deed to plaintiff on the trial, he was unable then to prove it, because the only witness by whom he could establish it resided in Sonoma County, at a considerable distance from the place of trial; that before the trial, and in ignorance of the deed from Black to the plaintiff, he was advised by his counsel that it was useless to prove the conveyance from Black to Le Page, and to deraign the title under it, inasmuch as the plaintiff would not be able to connect himself with the title of Black. The motion for a new trial was denied, and the defendants have appealed. We think the surprise was sufficiently established, and that a new trial ought to have been granted on this ground. The defendants had no reason to infer that, after having conveyed his title to Le

Page, in 1848, Black would make another conveyance to the plaintiff, or anyone else, and it cannot be imputed to them as *laches*, that they did not come to the trial prepared with proofs, to overcome a title founded on a second conveyance of the property by the same grantor, made nearly twenty years after the first conveyance, under which the possession, during all that time, had been held, and particularly, inasmuch as the second deed was never recorded, but was produced at the trial from the custody of the plaintiff. Under the facts disclosed in the affidavits, the counsel of the defendants may very properly have advised them that it would be unnecessary to prove the conveyance to Le Page, and to deraign title under it; and they were fully justified in confiding in and acting upon this advice, without being chargeable with *laches*. If the facts set forth in these affidavits are true, whatever title Villegrana acquired under the grant from the Alcalde, is vested in the defendants; and under the circumstances appearing in this record, it would bring a reproach upon the administration of justice, if the defendants be debarred from showing, if they can, that the title of the plaintiff is founded solely on a second conveyance, made by Davidson nearly twenty years after he had sold and conveyed to Black, without consideration, and with full notice to the plaintiff, twenty years after a prior sale and conveyance to Le Page, under whom the defendants deraign title. The only doubt we entertain on this branch of the case is, whether or not it was incumbent on the defendants, on being surprised by the production of the deed from Black to the plaintiff, to move for a continuance, in order to enable them to bring the necessary rebutting proofs; and having failed to do so, whether they can allege the surprise as a ground for a new trial. The general rule undoubtedly is, that a party surprised on a trial must apply for relief at the earliest practicable moment, and in such method as to produce the least vexation, expense and delay. He will not be allowed to speculate on the chances of a favorable decision on other points, and if he fails on these, fall back on his motion for new trial on the ground of surprise. (*Schellhous* v. *Ball*, 29 Cal. 609.) But while this is the

general rule, cases may and do frequently arise in which it ought not to be enforced. In *Rodriguez* v. *Comstock* (24 Cal. 85), it was considerably relaxed in favor of a party who was deceived by his own witness in respect to the facts to which he would testify, and who failed to move for a continuance. But, in relaxing the rule, it should be done only where the surprise is clearly established, and the consequences of it can be avoided on another trial ; and it must also be apparent that the party has not been guilty of *laches*, and has acted in good faith in omitting to apply for relief at an earlier stage in the proceedings. In this case, the deed from Black to the plaintiff was the last evidence offered in the cause, and the Court immediately proceeded to charge the jury. It may well be, that in the last stage of a jury trial, at the conclusion of the evidence, sufficient opportunity may not have occurred to enable the defendants and their counsel to decide, deliberately and discreetly, what course it was proper to pursue in respect to the last item of proof which was offered in the cause. We perceive nothing in the record to justify the belief that the defendants and their counsel were not acting in good faith in omitting to apply for a continuance, and are satisfied that they were guilty of no *laches;* that they were surprised, in the sense of the statute, by the deed from Black to the plaintiff, and that they can probably overcome the effect of that deed, if allowed an opportunity to do so. We think this is a proper case in which to relax somewhat the rule to which we have reverted. If the defendants, on another trial, shall succeed in establishing the facts detailed in the affidavits, it will be wholly unimportant whether or not the grant of Villagrana was a valid or operative conveyance, inasmuch as they will, in that event, have shown that the title of Villagrana, whether good or bad, has vested in them, and not in the plaintiff. We therefore, deem it unnecessary to express an opinion as to the validity or proper location of the grant,

Judgment reversed, and new trial ordered.

By WALLACE, J.: I dissent.

RHODES, C. J., expressed no opinion.