[No. 7,096.—Department Two.]

## ESTATE OF HENRI CARTERY.

PROBATE OF WILL—CONTEST OF WILL—PRACTICE.—A decree having been entered, admitting a will to probate, a new trial was granted on the ground that the findings were insufficient to support the decree, in this: that there was no finding that the deceased declared the document to be his will; but this objection was not covered by the grounds of opposition to the probate of the will filed by the contestant. *Held*, that, as the contestant did not address his contest to this point, an issue upon it was properly omitted by the Court in framing the issues for the jury, and that it was error to grant a new trial on the ground stated.

ID.—ID.—ID.—It is necessary, before the Court can admit a will to probate, to require proof of all the acts requisite to constitute the execution of a valid will; but the proof of the acts, as to which the contest is not addressed, will be heard and passed upon by the Court alone, and is not to be submitted to or passed upon by the jury. *Held*, accordingly, that the judgment was sufficiently supported by the finding of the Court recited therein, that the will was executed in all respects according to law.

ID.—ID.—ID.—In general, it would be more orderly for the Court to confine the proofs (especially where a jury is sitting) to the points in controversy; and after the jury has found upon such points, to hear proofs, addressed to the Court alone, as to the uncontested acts; but a different course held not to be erroneous.

NEW TRIAL—SURPRISE.—Surprise arising from the testimony of a disappointing witness, the truth of which is not denied, is not a sufficient ground for a new trial.

ID.—NEWLY DISCOVERED EVIDENCE.—Respondent's affidavit of newly discovered evidence, recited in the opinion *held* to be insufficient.

APPEAL from an order granting a new trial, in the Probate Court of Los Angeles County. STEPHENS, J.

*Eastman & King*, for Appellants.

The affidavit of the contestant, claiming surprise by Abila's testimony, does not state that the testimony was false. (*Brooks v. Douglass*, 32 Cal. 211.) The findings are as broad as the issues raised by the contest.

*Walter D. Stephenson*, *Bicknell & White*, and *Brousseau & Howard*, for Respondent.

The Court did not find in its decree, or elsewhere, that the testator, at the time of subscribing the proposed instrument, declared it to be his will.

MYRICK, J. :

Letters of administration were granted to Leon Cartery, a brother of deceased. Subsequently, on the 11th of July, 1879, Jean Marie Molle and E. Naud filed a writing which they alleged to be the will of the deceased, and a petition that the same be admitted to probate. The petition contained the allegation, "that said deceased left a will bearing date the 9th day of July, 1878, in the room occupied by him before his death, in the house of petitioner, in said county and State (Los Angeles County), and where the same was thereafter found, which your petitioners believe and therefore allege to be the last will," etc. An order was made, fixing July 23rd, 1879, as a day for hearing the petition; and publication of the notice was commenced, and copies mailed July 12th, 1879. Leon Cartery, the brother of the deceased, on the 21st of July, 1879, filed a written contest, in which he averred, " that the supposed will now offered for probate is not the last will and testament of the said Henri Cartery, for the following reasons: (1) That said supposed will was not signed by the deceased, or by any person in his presence and by his direction; (2) that said supposed will was not attested by two or more competent witnesses subscribing their names thereto at the request and in the presence of the said deceased, and of each other; (3) that at the time of the signing of said supposed will, if the same was signed by said testator, the said testator signed the same under duress, menace, undue influence, and fraud."

The issues presented by the contest came on for trial by jury September 19th, 1879, and various interrogatories were propounded to the jury, the answers thereto constituting the verdict. The interrogatories embraced various matters, such as, whether the subscribing witnesses signed the proposed will in the presence of the deceased and of each other, and at his request; whether he was aware of its contents; whether it was signed by the deceased in the presence of the witnesses; whether there was any undue influence, threat, menace, or fraud; and some matters not alluded to in the contest as filed.

Upon receiving the verdict of the jury, the Court made and entered its decree, among other matters reciting as follows:

"And the Court having considered the same, and found that each and every of the findings of said jury are true," that said document was executed in all particulars as required by law, and that the witnesses duly witnessed and attested the execution of the same ; that each and all of the allegations and grounds of contest are untrue ; and that said will is entitled to be admitted to probate ; "it is therefore ordered, adjudged, and decreed, that said paper * * * is the genuine will and testament of said deceased ; and the same was duly executed by him, and attested by the said witnesses, in all respects according to law ; and that the same be and the same is hereby admitted to probate as the last will and testament of said deceased."

The contestant moved for a new trial, on the grounds of accident and surprise, newly discovered evidence, insufficiency of the evidence to justify the verdict, and errors in law occurring at the trial. The motion for a new trial was granted by the Court by an order in the following words : " Motion for new trial is granted, on the ground that the findings of the jury are insufficient to support a judgment establishing the will, in this : that there is no finding that deceased declared the document to be his will." From this order, the proponent appealed.

The order of the Court below, granting a new trial upon the ground stated, was erroneous. There was nothing in the grounds of contest filed as to whether the deceased declared the writing to be his will ; the contestant, as such, had tendered no issue upon that subject ; and therefore there was nothing relating thereto which the jury had to determine.

Several acts are necessary in order to complete the execution of a valid will, and a contestant may offer his objections upon any or all of them ; having offered his objections upon any grounds less than all, he has no voice in the proof of the acts to which his objections are not addressed. The issues to be tried by the jury are such and such only as relate to the contested acts. It is necessary, before the Court can admit a will to probate, to require proof of all the acts requisite to constitute the execution of a valid will ; but the proof of the acts, as to which the contest is not addressed, will be heard and passed upon by the Court alone, and is not to be submitted to or passed upon by the jury ; therefore, as the contestant in this case did

not address his contest to the point as to whether the deceased declared the writing to be his will, an issue upon that point was properly omitted by the Court in framing the issues for the jury. Evidence was given tending to show that the deceased did declare the writing to be his will; and the Court found that it was executed in all respects according to law, which finding, though general in terms, is sufficient as to all matters not presented by the contest. In general, it would be more orderly for the Court to confine the proofs (especially where a jury is sitting) to the points in controversy; and after the jury had found upon such points, to hear proofs, addressed to the Court alone, as to the uncontested acts; and the Court can, of course, hear suggestions as to such uncontested acts, when offered or invited as *amicus curiæ;* and a general finding by the Court that the paper is executed in all respects according to law, will embrace all matters not specified in the contest. It being an error to grant a new trial on the ground stated by the Court, we will see if the order should be sustained on some other ground, or whether the Court should have granted a new trial for some reason other than that stated.

1. Accident or surprise which ordinary prudence could not have guarded against.

The petition for probate of the alleged will states that the paper was found in the room occupied by deceased in the house of petitioner; and evidence was given tending to prove that it was accidentally discovered in a mattress belonging to deceased, upon which he had slept. Contestant states in his affidavit, that he was greatly surprised by the evidence given on the trial by one Dolores Abila, a witness called by himself; that before the trial, she had informed him that the bed upon which deceased was in the habit of sleeping, and in which the proponent claims the will was found, was taken from the residence of deceased with his body, immediately after his death, and had ever since remained in the possession of the witness, and was there at the time of the alleged discovery; that he proposed her as a witness, and she testified that the bed upon which the deceased was in the habit of sleeping was not taken from the residence of deceased with the body; that witness never had such bed in her possession, and knew nothing of its whereabouts; that the bed

upon which the body was brought to her house was a child's bed, and not the one in which the will is alleged to have been found.

The affidavit does not state that the matters he expected to prove by the witness are true, nor that the matters testified to by her are untrue; neither does he state that there is any person by whom he can or expects to prove that the bed of deceased was removed, or was not at the residence of deceased at the time of the alleged discovery.

The only surprise that we see apparent from these facts is, surprise arising from the testimony of a disappointing witness, the truth of which is not denied. (*Rodriguez* v. *Comstock*, 24 Cal. 85; *Schellhous* v. *Ball*, 29 id. 605; *Delmas* v. *Martin*, 39 id. 555.) The Court below would not have been justified in granting a new trial upon this ground.

2. Newly discovered evidence, material for contestant, which he could not with reasonable diligence have discovered and produced at the trial. Upon this point, the contestant offered the affidavits of himself and eight other persons, none of whom except himself state that they ever knew the deceased or his handwriting; but they state that they have made comparison of some documents alleged to have been signed by the deceased with the signature to the proposed will, and from such comparison, they believe that the last-named signature was not written by the same hand that wrote the former signature; that if the former signatures be genuine, the last, affixed to the will, is not genuine. These gentlemen include the agent of Wells, Fargo & Co., the postmaster and his deputy, and three bank officers, all residing at Los Angeles, the place of trial; and no reason is given why they were not produced at the trial. The affidavits of two experts, residing in San Francisco, to the same effect, are produced, these persons being unknown to contestant at the time of the trial. All the persons offering these various affidavits are offered as experts, and are expected to testify by comparison. We very much doubt if these persons, in a case such as is presented to us by the present transcript, could be permitted to testify by comparison, for the reason that it does not appear that the contestant has brought his case within §§ 1943 and 1944 of the Code of Civil Procedure; it does not

appear that the deceased had acted or been charged upon the writings, nor that the writings had been admitted or treated as genuine by the parties against whom they are attempted to be used.

There is another objection to the view of the contestant which we deem insurmountable, and that is: The proposed will was filed July 11th, 1879; the notice of the hearing was given July 12th, 1879; the trial occurred September 19th, 1879; the contestant had the time within those dates in which to make comparison between the signature to the will and the signatures to the other documents (which were produced by him, and presumably in his possession during the time), and to call attention to the same of the witnesses whose affidavits he offered on his motion, and he, in his own affidavit, states " that the said signature to the said will is a *clumsy forgery*"; yet he took no steps to procure the opinion of any expert or other person upon the subject, although six of the eight persons now offered were residents of Los Angeles. and could doubtless have been obtained at any time; and it does not appear but there were many other persons in Los Angeles who could have been examined. No affidavit is offered by contestant of any person who was acquainted with the handwriting of deceased, nor is it stated that the evidence of any person acquainted with his handwriting could not have been obtained. On the other hand, the proponents read the affidavits of twenty-six persons, residents of Los Angeles, several of them being bank officers, accountants, and commercial men, eighteen of whom, speaking by comparison of the same papers referred to in the affidavits on the part of contestant, and eight from personal acquaintance with the deceased and his handwriting, believe the signature of the proposed will to be genuine. Under all these circumstances, the Court below would not have been justified in granting a new trial on this ground.

3. Insufficiency of the evidence to justify the verdict and decision of the Court herein, and that said verdict and such decision are against law.

There was evidence to prove each of the acts and things necessary to constitute the execution of the valid will, and upon this there was no conflict; therefore, a new trial could not have been granted upon this ground.

4. Errors in law occurring at the trial. There is nothing in the transcript to support this point, and as it was not urged at the argument of this appeal, we consider that it was not relied on.

The order granting a new trial is reversed.

SHARPSTEIN, J., and THORNTON, J., concurred.