[Civ. No. 4957.   Second Appellate District, Division One.—October 26, 1927.]

MRS. JOHN B. DENVIR, Jr., Appellant, v. JUDSON FREIGHT FORWARDING COMPANY (a Corporation), Respondent.

MRS. JOHN B. DENVIR, Jr., Appellant, v. REX E. BRALEY, etc., Respondent.

O'Melveny, Millikin, Tuller & MacNeil, J. R. Girling and Kent Allen for Appellants.

Hahn & Hahn, Edward T. Sherer and Welburn Mayock for Respondents.

McLUCAS, J., *pro tem.*—Plaintiff appeals from judgments of nonsuit in the above-entitled actions.

These actions for damages arising out of the shipment of an automobile from Los Angeles, California, to St. Louis, Missouri, during the month of October, 1920.   The defendant Braley operated a garage in which plaintiff had stored her automobile.   Acting upon telegraphic instructions, Braley delivered plaintiff's automobile to the defendant Judson

Freight Forwarding Company for shipment to plaintiff in St. Louis, Missouri. The automobile at the time of shipment was in perfect order; but upon arrival in St. Louis it was found to be in a greatly damaged condition, caused by water freezing in the radiator and water jacket. Plaintiff brought these two actions, which were consolidated for the purposes of trial, to recover the amounts paid by her for repairs to her automobile necessitated by the damaged condition in which it was received, alleging that the negligence of both defendants in not seeing that the automobile was properly drained before shipment was the cause of the damage. At the trial of the consolidated actions plaintiff called as a witness one Engelman, a former employee of the Judson Freight Forwarding Company, who testified that he had seen the water drained from the automobile in question at the time of its delivery to the Judson Freight Forwarding Company for shipment. The court ordered a nonsuit in favor of both defendants. Plaintiff made a motion for a new trial upon the ground of *"accident and surprise which ordinary prudence could not have guarded against."* The motion was denied.

In support of plaintiff's motion for a new trial, she filed the affidavit of her attorney, stating, among other matters, that plaintiff was surprised by the testimony of the witness Engelman to the effect that he had seen the water drained from the engine of the automobile in question; that ordinary prudence could not have guarded against such testimony; and that plaintiff is now in possession of newly discovered evidence in the form of a letter from the defendants, in which the fact of the water not having been drained from the said automobile and the resultant damage thereto is admitted, but that such letter could not with reasonable diligence have been produced at the trial. The letter to which the affidavit refers reads:

"St. Louis, U. S. A.
"January 21, 1921.

"Mrs. Roscoe Parsons,
    "4950 Lindell Ave.,
        "St. Louis, Mo.
"Dear Madam:
    "In accordance with conversation with your good self while at our warehouse at the time of taking delivery of this

machine, please let us have as early as possible bills covering repairs to the machine and which damage has been brought about due to water being left in the Radiator and we will send these papers on to our Los Angeles Office to secure adjustment in connection with the Garage Company there who made delivery of the shipment to us.

"Kindly let us have the claim papers in the matter as promptly as possible, with the assurance on our part that we will exert every effort to secure settlement for you, we beg to remain

"Yours very truly,

"JUDSON FREIGHT FORWARDING CO.

"GEO. W. FLYNN, Agent."

A counter-affidavit was filed by the attorney for the defendant Judson Freight Forwarding Company, in which he states that prior to the trial of these cases he was approached by an attorney associated with the attorneys of record for the plaintiff herein, "who inquired of affiant if affiant would have present at the trial of said cause the representative of the Judson Freight Forwarding Company, who had received said car from said defendant at the loading station from which the same was shipped; that affiant informed said G. T. Graves that said representative would be present; that the representative of the Judson Freight Forwarding Company, who received said car at the loading station, was one Engelman, then in the employ of said Judson Freight Forwarding Company; that said Engelman resides and was then residing in the City of Los Angeles, and could have been interviewed by counsel for plaintiff had he so desired, and thereby could have acquainted himself with the nature of the testimony which said Engelman might be expected to give at the trial of said cause."

Appellant argues that the foregoing letter caused plaintiff to believe that the Judson Freight Forwarding Company knew and acknowledged the fact to be that the automobile had been shipped without the water having been properly drained, and that it could not have been anticipated that the witness Engelman, whom plaintiff called to prove the delivery of the automobile to the Judson Freight Forwarding Company, would or might testify on cross-examination that he saw the water drained from the automobile before shipment. We do not construe the foregoing letter as an

absolute admission by one of the defendants that the water was left in the radiator by either of the defendants; but rather as a statement of the forwarding company that it would use every effort to secure an adjustment and settlement from the garage company. If the testimony of Engelman, plaintiff's witness, is to be taken as true, then the water must have been placed in the radiator by some person other than the defendants. Moreover, this letter cannot be regarded as newly discovered evidence, since it bears date of January 21, 1921, and must have been in possession of the appellant after that date and up to the date of the trial on February 27, 1924, a period of over three years. ▇ In our opinion, the facts as stated by appellant are insufficient to justify a reversal. Engelman was appellant's own witness. Appellant could not and should not anticipate his testimony. Appellant had the means at her command to ascertain before the trial what the witness' testimony would be. Appellant's opening brief shows that the testimony of Hopkins, who drove the car to the forwarding company, was taken, but appellant failed to take the deposition of Engelman, the person to whom it was delivered, though his name was signed to the receipt marked "Plaintiff's Exhibit 3." Appellant, we believe, failed to exercise the ordinary prudence to guard against surprise as required by section 657 of the Code of Civil Procedure. Appellant by the exercise of ordinary prudence could have ascertained what the testimony of Engelman would be, and having failed to do so, cannot invoke relief on the ground of surprise. (*Schellhous* v. *Ball,* 29 Cal. 605.) Appellant made no effort to secure a continuance in order to meet this contingency of adverse testimony secured from her own witness on cross-examination. ▇ It is the general rule that a party who claims to have been surprised by the evidence adduced by his adversary must move for a continuance, or he will not be permitted to avail himself of that point on appeal. (*Snodgrass* v. *Snodgrass,* 81 Cal. App. 360 [253 Pac. 755]; *Doyle* v. *Sturla,* 38 Cal. 456; *Heath* v. *Scott,* 65 Cal. 548 [4 Pac. 557]; *Bailey* v. *Richardson,* 66 Cal. 416 [5 Pac. 910].) In *Heath* v. *Scott, supra,* it is said, page 552: "It is well settled that, if a party claiming to be surprised by the introduction of testimony, fails to apply at the time for a continuance of the cause, or to resort to other testimony, or to ask for any

relief to which he might be entitled under the circumstances, his failure is attributable to his own fault, and constitutes no ground of surprise upon which a new trial will be granted. (*Schellhous* v. *Ball*, 29 Cal. 608; *Turner* v. *Morrison*, 11 Cal. 21; *Delmas* v. *Martin*, 39 Cal. 555, as modified by *Ferrer* v. *Mutual Insurance Co.*, 47 Cal. 416.)'' In *Ferrer* v. *Mutual Ins. Co.*, 47 Cal. 416, it is said, page 430: ''If the defendant was surprised by this testimony, there should have been a motion to continue the cause in order to procure the deposition of Francis. In such cases the application for relief must be made at the earliest convenient time, and certainly without unreasonable delay. A party should not be allowed to speculate on the chances of a favorable decision, and after he has lost his cause, move for a new trial on the ground that he was surprised by the introduction of certain testimony by his adversary. 'It is better for the purposes of justice and the convenience of courts and litigants, to afford relief at once and on the spot, if it can be done.' (*Schellhous* v. *Ball*, 29 Cal. 608.) The rule was somewhat relaxed in *Delmas* v. *Martin*, 39 Cal. 557. But the case was peculiar, and we are not inclined to extend the relaxation beyond the facts of that case.'' In view of the foregoing, we are of the opinion that plaintiff should have moved for a continuance, instead of awaiting the decision of the court and then moving for a new trial, especially in view of the fact that the record shows that the witness had not been questioned before the trial and there is no evidence of deceit or collusion practiced by the witness. Neither was the testimony offered in the last stage of the trial, as in *Delmas* v. *Martin*, 39 Cal. 555, a case relied upon by appellant. So there was ample opportunity to present the motion for a continuance before the motion for nonsuit was made. Appellant concedes in her reply brief that it has always been the rule that a new trial would not be granted on the ground of surprise at the testimony of the adversary's witness. We see no difference in principle between such cases and the present case. Here the witness was adverse, but was not the adversary's witness; instead, he was appellant's own witness, who testified adversely to plaintiff on cross-examination by defendant.

The judgments are ordered affirmed.

Houser, Acting P. J., and York, J., concurred.